United States District Court
District of South Carolina

| | | |
|---|---|---|
| Tressa R. Glover Parker; | ) | C/A No. 5:05-3282-JFA-BM |
| | ) | |
| Plaintiff; | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Orangeburg County Law Enforcement; Department of Public Safety; Orangeburg Consolidated School District Five; Rogers Townsend and Thomas Law Firm; Barnes Alford Stork and Johnson Law Firm; Duff White and Boykin Law Firm; Morrish Danis Lindeman LLC; McDonald's Corporation; Main Waters Enterprises Inc.; Wal Mart Corporation; Wachovia; and Dept. of Social Services, Org. Office, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter has been filed by the Plaintiff, *pro se*, against numerous Defendants. The undersigned takes judicial note that Plaintiff has already filed five other *pro se* actions in this Court.[1] See Glover v. Rogers Townsend, et al., 5:04-21902-JFA-BM (D.S.C. 2004, hereafter "***Glover One***"); Glover v. Citifinancial, et al., 5:04-22057-JFA-BM (D.S.C. 2004, hereafter "***Glover Two***"); Glover Parker v. Orangeburg Consolidated School District Five, et al., 5:04-22938-JFA-BM (D.S.C. 2004, hereafter "***Glover Three***"); Glover Parker v. Sherman Acquisitions, et al., 5:05-3102-JFA-BM (D.S.C. 2005, hereafter "***Glover Four***"); and Glover Parker, et al., v. Wachovia Bank, et al, 5:05-3158-JFA-BM (D.S.C. 2005, hereafter "***Glover Five***"). In addition, Plaintiff has an employment discrimination action pending before this Court in which she is represented by an

---

[1]This court may take judicial notice of its own records in these prior cases. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Shoup v. Bell & Howell, 872 F.2d 1178, 1182 (4th Cir. 1989); Daye v. Bounds, 509 F. 2d 66 (4th Cir. 1975); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954).

1



attorney. See Glover Parker v. Orangeburg Consolidated School District Five, 5:05-1207-JFA-BM (D.S.C. 2005).

In *Glover One*, the Complaint consisted of a standard *pro se* complaint form with more than twenty pages of various attachments, including court records from a foreclosure action pending in the Orangeburg County Court of Common Pleas. The Plaintiff appeared to allege some species of fraud in the mortgage foreclosure. The Plaintiff filed an Application to Proceed Without Prepayment of Fees (Form AO-240), also known as an application to proceed *in forma pauperis*, but failed to provide information sufficient to evaluate the Form AO-240. The undersigned filed an order directing the Plaintiff to provide the missing financial information and also to supply this Court with necessary "proper form" documents (that is, summons forms and USM-285 forms). The USM-285 forms are required to accomplish service upon defendants whenever a litigant proceeds *in forma pauperis*. See 28 U.S.C. § 1915(d). Without the USM-285 forms, the United States Marshals are unable to effect service of process. Plaintiff never responded to the order, and on October 1, 2004, the Honorable Joseph F. Anderson, Jr., Chief United States District Judge for the District of South Carolina, dismissed *Glover One* without prejudice.

Two weeks after filing *Glover One*, the Plaintiff filed *Glover Two*. This Complaint consisted of a standard *pro se* complaint form accompanied by single-spaced typewritten notes and memos along with attachments, including amortization schedules and copies of newspaper legal notices –for a total of thirty-three (33) pages. The matter at issue appeared to be the same mortgage foreclosure with additional allegations of attorney fraud or malpractice. Plaintiff sought to proceed *in forma pauperis* but again failed to provide information sufficient to evaluate her application (Form AO-240). The undersigned filed an order directing Plaintiff to provide the missing financial information

2



and also to supply this Court with summons and USM-285 forms.  The Plaintiff never responded to the order, and on October 5, 2004, Chief Judge Anderson dismissed *Glover Two* without prejudice.

*Glover Three* was commenced on November 9, 2004.  This time the Plaintiff simply filed a standard *pro se* Complaint form in which the "Statement of Claim" was essentially unintelligible. In the margins of this complaint form, Plaintiff had written the names of the Defendants and assigned (with green highlighting) the numbers 1 through 36.  Only four of the thirty-six Defendants were mentioned in the narrative text of the Complaint.  Plaintiff also attached a form used by the United States Equal Employment Opportunity Commission (EEOC), alleging sexual harassment and retaliation by Orangeburg Consolidated School District Five.  The significance of the form and its relation to Plaintiff's underlying claim was not clear.

Under Ellis v. United States, 356 U.S. 674 (1958), the undersigned recommended that Plaintiff's application to proceed *in forma pauperis* be denied in a Report on January 7, 2005.  On February 15, 2005, Plaintiff paid the filing fee and summons forms were issued.  Several defendants appeared and filed motions for dismissal, and under Roseboro v. Garrison, 528 F. 2d 309 (4th Cir. 1975), orders were filed notifying Plaintiff of the pending motions and advising her that a response was required.  On August 17, 2005, the undersigned filed a Report recommending that the motions be granted.  On October 11, 2005, the Honorable Joseph F. Anderson, Jr., Chief United States District Judge for the District of South Carolina, dismissed *Glover Three* in its entirety.

On November 2, 2005, Plaintiff filed *Glover Four*, an action against several parties involved in her pending bankruptcy case.  See In re: Tressa Renae Glover, BR Action No. 04-8700-B.  On November 23, 2005, the undersigned filed a Report recommending summary dismissal because this



Court has no jurisdiction over matters that should be raised in a pending bankruptcy proceeding.

A week later, on November 9, 2005, Plaintiff – and another party who did not sign the pleading – commenced *Glover Five*. The Complaint contained no specific allegations whatsoever with regard to the majority of the named parties defendant. Plaintiff alleged a "conspiracy" among other parties defendant, but failed to specify the relief sought in this Court. Wachovia Bank, which was sued with regard to a state court foreclosure, could not be brought into this Court with regard to that proceeding because of the Rooker-Feldman doctrine. On November 23, 2005, the undersigned filed a Report recommending summary dismissal.

In the present action – *Glover Six* – Plaintiff alleges the following:

> The defendants have engaged in a pattern and practice of illegal discrimination pursuant to 1. Attorney – Racketeer Influence and Corrupt Organizations; 2. Assault, Libel and Slander; 3. Occupational Safety/Health; 4. Other Civil Rights; 5. Employment and Persona Injury; 6. Fair Labor Standards Act; 7. Labor Management Relations; and 8. Other Labor Litigations.
> The discriminatory acts by the defendants were intentional and willful and were implemented with deliberate disregard for the rights of African Americans and women. The defendants practiced a pattern of resistance to the full enjoyment of rights secured by the Fair Housing Act, as amended, 42 U.S.C. 3601-3619, and the Equal Employment Opportunity Act, 15 U.S.C. 1691-1691f [sic], resulting in wrongful arrest, undue harassments and financial hardships, and unmerited intrusions. The firms are identified whole; the law enforcement officers are as follows [names are omitted, since none of the individuals appear in the caption].
> Wherefore, the Plaintiff prays that the court enter an ORDER that:
> 1. Declares that the policies and practices of the defendant constitute a violation of the U.S. Statutes.
> 2. Requires the defendant to develop and submit to the Court for its approval a detailed plan that (a) remedies the vestige of defendant's discriminatory policies and practices; and (b) recognizes justification for not performing job duties;
> 3. Awards such damages as would fully compensate the victims of the defendant's discriminatory policies and practices for injuries caused by the defendant;
> 4. Awards punitive damages to the victims of defendants' discriminatory policies and practices;
> 5. Assess a civil penalty against the defendant in order to vindicate the public interest;
> 6. The United States further prays for such additional relief as the interest of justice may require;
> 7. Refrain and corrective actions for unnecessary business and personal intrusions.



[1-1, pp. 3-5.]

## DISCUSSION

The Plaintiff is a *pro se* litigant whose pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal if it fails to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Sciences, 901 F. 2d 387 (4th Cir. 1990). Such is the case here.

Rule 8(a) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) provides the following guidance with respect to complaints (and other affirmative claims):

> Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

The present action is the Plaintiff's sixth attempt to proceed in this Court with a claim (or claims) which either cannot be discerned from her multiple and prolix pleadings or cannot be entertained in this Court cannot for lack of jurisdiction. As can readily be seen, her Complaint consists of sentence fragments and phrases which convey little, if any, meaning. Literally, this action is frivolous and should be summarily dismissed.

Plaintiff has also applied to proceed *in forma pauperis*. Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. In Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980), the Fourth Circuit has held:



> A district court has discretion to grant or deny an in forma pauperis petition filed under §1915. Graham v. Riddle, 554 F. 2d 133 (4th Cir. 1977). This discretion, however, is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46, 35 S. Ct. 236, 238, 59 L. Ed. 457 (1915). "In the absence of some evident improper motive the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Ellis v. United States, 356 U.S. 674, 78 S. Ct. 974, 2 L. Ed. 2d 1060 (1958).

See also Liles v. South Carolina Dept. of Corrections, 414 F.2d 612, 613 (4th Cir 1969); U. S. v. Gregg, 393 F.2d 722, 723 (4th Cir.1968). Under Ellis, however, "good faith" allows only for the presentation of issues that are not plainly frivolous. Since Plaintiff's Complaint fails to set forth meaningfully any claims cognizable in this Court, Plaintiff's Motion to proceed *in forma pauperis* should be denied.

## CONCLUSION

Based on the foregoing, it is recommended that Plaintiff's Application to Proceed Without Prepayment of Fees be **denied**, and that this action be **dismissed**, without prejudice.

The Plaintiff's attention is directed to the important notice on the next page.


Respectfully Submitted,

Bristow Marchant
United States Magistrate Judge

December 1, 2005
Columbia, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
